1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FAITH COATES,

                    Plaintiff,

     v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,[1]

              Defendant.

Case No. 2:16-cv-01322-RJB

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

13

14

15

16

17

18

     Plaintiff Faith Coates seeks review of the denial of her applications for disability

insurance and supplemental security income ("SSI") benefits. Plaintiff contends that the

administrative law judge ("ALJ") erred by failing to develop the record, in evaluating the

medical evidence, and in assessing her residual functional capacity ("RFC"). Dkt. 9 at 1. As

discussed below, the Court **REVERSES** Defendant Commissioner Nancy A. Berryhill's ("the

Commissioner") final decision and **REMANDS** the case for further administrative proceedings.

19

20

21

**BACKGROUND**

     On October 4, 2012, plaintiff protectively filed applications for disability insurance and

22

23

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration.
Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn
W. Colvin as defendant in this suit. The Clerk is directed to update the docket, and all future
filings by the parties should reflect this change.

SSI benefits, alleging disability as of December 31, 2008. Dkt. 7, Administrative Record ("AR")

18. Plaintiff's applications were denied initially and on reconsideration. *Id*. After the ALJ

conducted a hearing on July 31, 2014, the ALJ issued a decision finding plaintiff not disabled.

AR 18-28.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since December 31, 2008, the alleged onset date.

**Step two:** Plaintiff has the following severe impairments: obesity, degenerative disc disease, affective disorder, and borderline intellectual functioning.

**Step three:** Plaintiff's impairments do not meet or equal the requirements of a listed impairment.[3]

**RFC:** Plaintiff has the ability to perform sedentary work except she can climb ramps and stairs occasionally, but never scaffolding, ropes, or ladders. She can occasionally stoop and never kneel, crouch, or crawl. She is able to perform unskilled, simple, routine work tasks with customary breaks and lunch. She can have frequent contact with coworkers, but primary work tasks should require no more than occasional collaborative work tasks. She cannot perform production-rate work. She needs one additional break of customary duration.

**Step four:** Plaintiff is unable to perform any past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that plaintiff can perform, plaintiff has not disabled from December 31, 2008, through the date of the decision.

*See* AR 18-28. The Appeals Council denied plaintiff's request for review, making the ALJ's

decision the Commissioner's final decision. *See* AR 1-6.[4]

## DISCUSSION

---

[2] 20 C.F.R. § 416.920.
[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.
[4] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

1    Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

2    social security benefits if the ALJ's findings are based on legal error or not supported by

3    substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

4    Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

5    **I.      The ALJ's Duty to Develop the Record**

6        Plaintiff asserts that the ALJ erred by failing to develop the record regarding plaintiff's

7    mental functional capabilities. *See* Dkt. 9 at 3-6. The Court agrees.

8        An ALJ has the duty "to fully and fairly develop the record and to assure that the

9    claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

10   An ALJ's duty to further develop the evidence in the record is triggered when the record contains

11   ambiguous evidence or when it "is inadequate to allow for proper evaluation of the evidence."

12   *See id.*; *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). When a claimant is

13   unrepresented, "the ALJ must be especially diligent in exploring for all the relevant facts." *See*

14   *Tonapetyan*, 242 F.3d at 1150. Furthermore, the ALJ's duty to develop the record is "also

15   heightened where the claimant may be mentally ill and thus unable to protect her own interests."

16   *See id.* at 1150-51.

17       Here, the ALJ found that plaintiff had the severe impairments of affective disorder and

18   borderline intellectual functioning. *See* AR 20. However, the record contained only two

19   examining physicians' opinions that assessed plaintiff's mental functional limitations, and the

20   ALJ rejected both opinions. *See* AR 25-26. The ALJ assessed plaintiff with an RFC containing

21   some mental functional limitations but did not explain how he chose those particular limitations.[5]

22

23   _____

     [5] The ALJ rejected plaintiff's testimony regarding her mental health because of plaintiff's lack of
     mental health treatment. *See* AR 24.

1   *See* AR 25.

2       Therefore, it appears that the ALJ's findings were based solely on the ALJ's own lay

3   interpretation of plaintiff's treatment records, which is not permissible. *See Gonzalez Perez v.*

4   *Sec'y, Health & Human Services*, 812 F.2d 747, 749 (1st Cir. 1987) (ALJ may not "substitute his

5   own layman's opinion for the findings and opinion of a physician"). To the extent the ALJ found

6   the examining physicians' opinions inadequate, the ALJ should have had another physician

7   examine plaintiff to assess her mental abilities or called a medical expert to assist in determining

8   the extent to which the medical records reflected any limitation on plaintiff's ability to work. *See*

9   *Maye*s, 276 F.3d at 459-60. This duty was heightened in this case because plaintiff was

10  unrepresented and diagnosed with mental impairments. *See* AR 35, 395-405, 422-28. Moreover,

11  the examining physicians both recommended further memory and intelligence testing. *See* AR

12  397, 424. Therefore, the ALJ erred by failing to further develop the record when it was

13  inadequate to allow for proper evaluation of the evidence.

14      **II.     Remand for Further Administrative Proceedings**

15      Plaintiff also alleges that the ALJ erred in evaluating the medical evidence in the record

16  and assessing her RFC. *See* Dkt. 9. However, the medical record and RFC must be re-assessed

17  on remand due to the ALJ's error in failing to develop the record regarding plaintiff's mental

18  functional capabilities.

19      The Court may remand this case "either for additional evidence and findings or to award

20  benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court

21  reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the

22  agency for additional investigation or explanation" unless it is clear from the record that the

23  claimant cannot "perform gainful employment in the national economy." *Benecke v. Barnhart*,

379 F.3d 587, 595 (9th Cir. 2004). Here, issues still remain regarding plaintiff's mental

functional capacity and her ability to perform work despite any additional assessed limitations.

Accordingly, remand for further consideration is warranted in this matter.

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this

case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. §

405(g).

DATED this 8th day of February, 2017.

ROBERT J. BRYAN
United States District Judge

ORDER - 5